

Bryan N. DeMatteo<br>bryan@demfirm.com

March 27, 2017

**VIA CM/ECF**
The Honorable Judge Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:        Request for Leave to Conduct Discovery
                  Prior To A Rule 26(f) Conference

                  ME2 Productions, Inc. v. Doe—72.226.55.88 *et al*.
                  Civ. A. No. 1:17-cv-01604-BMC

Dear Judge Cogan:

    DeMatteo Law, PLLC represents ME2 Productions, Inc. ("Plaintiff") in the above-identified copyright infringement action against various Doe Defendants. The present case is related to ME2 Productions, Inc. v. Doe—69.125.223.48 *et al*., Civ. A. No. 1:17-cv-01196-BMC ("the Initial ME2 Case"), also before Your Honor. Both cases relate to Doe Defendants who individually and collectively committed copyright infringement with respect to the same copy of the same work at issue. In the Initial ME2 Case, Plaintiff requested, and the Court granted, leave to serve Rule 45 subpoenas on Internet Service Providers Time Warner Cable, Verizon FiOS, and Altice f/k/a Cablevision d/b/a Optimum Online (collectively, "ISPs") to learn the true identities of the Doe Defendants in that case. Plaintiff now respectfully requests leave to serve Rule 45 subpoenas on the same ISPs to learn the identities of the Doe Defendants in the case at bar. Plaintiff also requests that the Court postpone scheduling of a Rule 16 conference until the Doe Defendants are named and served. Alternatively, Plaintiff requests leave to file a formal motion for the above-described relief or a pre-motion conference, at which it will request such relief.[1]

    Plaintiff is the production company and owner of a copyright for the mainstream motion picture, *Mechanic: Resurrection* ("the Subject Motion Picture"), staring Tommy Lee Jones, Jessica Alba and Jason Statham. D.I. 1 (Complaint) at ¶ 6, Ex. B. Through its investigators, MaverickEye UG ("MaverickEye," www.maverickeye.de), Plaintiff has learned that, without Plaintiff's authorization, each of the Doe Defendants individually and collectively with other Doe Defendants

---

[1] In the Initial ME2 Case, Plaintiff requested permission to file a motion for leave to take discovery before the Rule 26(f) Conference. *See* 1:17-cv-01196-BMC, D.I. 5. The Court granted Plaintiff's request for discovery without requiring a formal motion. *See id.*, March 7, 2017 Order.

DEMATTEO LAW, PLLC

(as well as collectively with Doe Defendants in the Initial ME2 Case), used BitTorrent file-sharing software ("BitTorrent") to search for, reproduce and distribute over the Internet the same unauthorized copy of the Subject Motion Picture as part of the same collective network of BitTorrent users, thereby individually and collectively violating Plaintiff's exclusive rights protected by the Copyright Act. *Id*. at ¶ 30. The Doe Defendants identified by Plaintiff in the Complaint are not sporadic, one-time users of the BitTorrent network, but rather are prolific, habitual users, many of whom continue to traffic in copyrighted content to this day. Indeed, *the IP addresses associated with the Doe Defendants in this case were not only observed repeatedly distributing the Subject Motion Picture using BitTorrent, but also confirmed as associated with the distribution of over three-thousand (3000) other copyrighted works*. The vast majority of Doe Defendants were also each sent at least one Digital Millennium Copyright Act ("DMCA") notice (*see* 17 U.S.C. § 512) on behalf of Plaintiff advising and requesting immediate termination of the infringing conduct.[2] Many of the Doe Defendants continued to infringe Plaintiff's rights (and others' rights) despite these notices.

The true identities of the Doe Defendants are currently unknown to Plaintiff. The data provided by MaverickEye permits identification of infringement only by the IP addresses and geographic region used by Defendants to infringe Plaintiff's rights. The infringing IP addresses set forth in Exhibit A to the Complaint were confirmed by MaverickEye to be managed by the ISPs at the time of infringement. D.I. 1 (Complaint) at Ex. A. MaverickEye and Plaintiff's counsel also confirmed that the infringing IP addresses were assigned by the ISPs to certain of their customers ("Subscribers") residing in this judicial district for extended periods of time. *Id*. at ¶ 4.

The true identities and IP address associations of these Subscribers are known only to the ISPs themselves. ISPs maintain IP address assignment logs by date, time, time zone, port number and subscriber identity for each IP address. However, this information is typically kept in the ordinary course of business for limited amounts of time. If Plaintiff provides the ISPs with the information contained in Exhibit A to the Complaint, the ISPs will be able to locate and retrieve the names, postal addresses and email addresses of the Subscribers assigned the IP addresses used to infringe Plaintiff's rights, thereby assisting Plaintiff in identifying the Doe Defendants through early discovery.

A party may seek discovery prior to a Rule 26(f) conference on good cause shown. *See* Fed. R. Civ. P. 26(d)(1); *see also In re Malibu Media Adult Film Copyright Infringement Cases*, 2015 U.S. Dist. LEXIS 74125 (E.D.N.Y. 2015) ("Courts in this [Eastern] District and in the Southern District of New York generally require a showing of 'good cause' prior to permitting expedited discovery prior to a Rule 26(f) conference.") (quoting *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 86-87 (E.D.N.Y. 2012) (citing *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005)). Courts routinely find good cause where: (1) plaintiff makes a *prima facie* showing of a claim of copyright infringement; (2) plaintiff submits a specific discovery

---

[2] Pursuant to 17 U.S.C. § 512, in certain cases, ISPs may limit their liability for copyright infringement committed by their customers, *inter alia*, if they provide a means by which to receive DMCA notices from copyright owners. These notices are typically received by the ISPs via mail or special email addresses. The Providers then forward the notices to the infringing customers without divulging the customers' identities to the copyright owners.

2

DEMATTEO LAW, PLLC

request; (3) there is an absence of alternative means to obtain the subpoenaed information; (4) there is a central need for the subpoenaed information; and (5) defendants have a minimal expectation of privacy. *See, e.g., Arista Records*, LLC v. Doe, 604 F. 3d 110, 119 (2d Cir. 2010) (citing *Sony Music Entm't, Inc. v. Doe*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); *see also Bloomberg, L.P. v. Doe*, 2013 U.S. Dist. LEXIS 130034 (S.D.N.Y. 2013); *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 141127 (S.D.N.Y. 2015).

There exists good cause for the requested relief. Plaintiff's Complaint sets forth a prima facie claim of copyright infringement. *See* D.I. 1 (Complaint) at ¶¶ 14-15, 29-41, 55-64; Ex. B. Plaintiff's discovery request is also specific and narrowly tailored, seeking only the name, postal address and email address of each of the Subscribers who provided access to the IP addresses used by the Doe Defendants to infringe Plaintiff's rights. This information cannot be obtained via other means, as there are no publicly available records that identify individuals based on IP addresses managed by ISPs. There is also a central need for this information because Plaintiff cannot litigate its claims without ascertaining the identity and address of each Doe Defendant, as Plaintiff would be unable to serve process. Finally, courts in New York have found that persons engaging in the downloading and distribution of copyrighted materials, such as the Doe Defendants in this case, have very little expectation of privacy. *See, e.g., Arista Records*, 604 F.3d at 124 (finding that a party's "expectation of privacy for sharing copyrighted [materials] through an online file-sharing network [is] insufficient to permit him to avoid having to defend against a claim of copyright infringement.").

For the foregoing reasons, it is respectfully requested that this Court grant Plaintiff leave to serve Rule 45 subpoenas on the ISPs to learn the identities of the Subscribers and to postpone scheduling of a Rule 16 conference until the Doe Defendants are named and served. Alternatively, Plaintiff requests leave to file a formal motion for the above-described relief or a pre-motion conference, at which it will request such relief.

Respectfully submitted,

DEMATTEO LAW, PLLC

/s/ *Bryan N. DeMatteo*
Bryan N. DeMatteo (BD 3557)
bryan@demfirm.com
830 Third Avenue, 5th Floor
New York, NY 10022
Tel.: (866) 645-4169
Fax: (732) 301-9202
*Attorneys for Plaintiff*
*ME2 Productions, Inc.*

3